## May H. Johnson, Defendant in Error, v. Chicago Feather Company, Plaintiff in Error.

### Gen. No. 16,657.

1. BAILMENT—*plumes delivered to be dyed.* Where the evidence shows that plumes received by defendant to be dyed were of a certain length and that those offered in return were shorter but there is no evidence as to how much so, and the uncontradicted evidence shows that plumes shrink considerably in the process of dyeing and are hard to identify, a finding that the plumes returned were not those received by the defendant is against the manifest weight of the evidence.

2. BAILMENT—*liability of bailee.* A bailee who receives plumes to be dyed is not an insurer thereof.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed August 12, 1912.

HARRY C. LEVINSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In November or December, 1909, defendant in error took three ostrich plumes to the retail establishment of plaintiff in error to be dyed. Shortly thereafter plaintiff in error sent three ostrich plumes to defendant in error, which defendant in error refused to accept because, as she claimed, they were not the same plumes which she had delivered to plaintiff in error. Defendant in error then brought suit against plaintiff in error in the Municipal Court to recover the value of her plumes, and a trial by the court without a jury resulted in a finding and judgment against plaintiff in error for $65. There is no appearance by defendant in error in this court.

The brief of plaintiff in error contains an extended discussion of the settled law applicable to a bailment for the mutual benefit of the bailor and the bailee, namely, that the bailor in such a bailment is not an insurer of the goods delivered to it, but is only held to the exercise of reasonable care with reference to such goods. The extent of the liability in that particular of plaintiff in error, as bailor of the plumes in question, is not involved in the case at bar, if its claim is sustained by the proof. There is no claim by plaintiff in error that the plumes delivered to it by defendant in error were lost or destroyed without its fault, but plaintiff in error insists that it tendered to defendant

in error the identical plumes which defendant in error had given to it to be dyed.

Defendant in error testified that the plumes she delivered to plaintiff in error measured, respectively, 32, 25 and 20 inches in length, and her testimony in that regard is corroborated by the testimony of two or more witnesses. No definite proof was offered on behalf of plaintiff in error as to the size of the plumes before they were dyed. While it is apparent from the record that the plumes which plaintiff in error tendered to defendant in error were not as large as those described by defendant in error, the record does not disclose the exact size of the plumes tendered to defendant in error. It is, however, clearly established by the uncontroverted evidence in the record that plumes of the kind and quality here involved shrink very appreciably in the process of dying, and that in the absence of some peculiar distinguishing marks it is practically impossible to identify plumes before and after they have been dyed, curled and cleaned, as being the same plumes. The claim of defendant in error that the plumes tendered to her were not the same plumes she delivered to plaintiff in error is predicated solely upon the admitted fact that the plumes tendered to her were smaller than the plumes she delivered to plaintiff in error. Evidence was introduced by plaintiff in error of the system uniformly adopted by it to preserve the identity of plumes received by it in the usual course of business, and further, that such system was adopted by it in handling the plumes in question. The judgment of the Municipal Court was necessarily based upon a finding that the plumes tendered by plaintiff in error were not the same plumes that defendant in error delivered to it, and such finding must, upon this record, be held to be against the manifest weight of the evidence.

Furthermore, if the evidence warranted a finding that the plumes in question were not the same, it must

be held upon the uncontroverted evidence in the record that plaintiff in error exercised the degree of care required of it, under the law, to safely keep the plumes delivered to it.

The judgment of the Municipal Court will be reversed.

*Judgment reversed.*